# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| R. Alexander Acosta,<br>Secretary of Labor, United States<br>Department of Labor, | Case No. 18-cv-01489 (WMW/ECW) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Luxury Floors, Inc.<br>a Minnesota Corporation,<br>and Ruben Ruiz, an individual, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses 3, 5, 7, 11, 12, 13, 14, 17, 18, and 19 (Dkt. No. 15) ("Motion"). The Motion has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Motion be granted in part and denied in part.

## I.    BACKGROUND

On May 30, 2018, Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Government" or "Plaintiff"), initiated the present suit against Defendants Luxury Floors, Inc. and Ruben Ruiz (collectively, "Defendants") for allegedly violating provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of

1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "FLSA"). (Dkt. No. 1 at 1.) Specifically, the Government asserts Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of FLSA by employing employees for workweeks longer than 40 hours without compensating the employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. (*Id.* ¶ V.) According to the Government, Defendants paid hourly employees their regular rate for all hours worked, thereby allegedly failing to properly compensate hours worked in excess of 40 in a workweek. (*Id.*) In addition, the Government alleges Defendants repeatedly violated the bookkeeping requirement of the FLSA and its accompanying regulations. (*Id.* ¶ VI.) As part of the relief, the Government seeks an order finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due to the employees listed on Exhibit A to the Complaint. (*Id.* at 4; Dkt. No. 1-1.) The Government also seeks injunctive relief enjoining Defendants from violating the FLSA. (*Id.* at 4.)

On September 4, 2018, Defendants filed their Answer to the Complaint. (Dkt. No. 7.) As part of their Answer, Defendants asserted 19 affirmative defenses. The Government now moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike Defendants' affirmative defenses numbers 3, 5, 7, 11, 12, 13, 14, 17, 18, and 19 on the basis that they do not meet the minimal pleading standards set forth in Federal Rule of Civil Procedure 8(b), are futile, or are inapplicable as a matter of law.

## II.    ANALYSIS

**A.    Legal Standard for Motions to Strike Affirmative Defenses**

A motion to strike under Rule 12(f) is "'the primary procedure for objecting to an insufficient defense.'" *In re RFC and ResCap Liquidating Trust Litig.*, Civ. No. 13-3451 et al. (SRN/JJK/HB), 2015 WL 2451254, at *4 (D. Minn. May 21, 2015) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 390 (3d ed. 2004)).  Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A district court enjoys "liberal discretion" under this rule.  *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted).  Notably, "striking a party's pleadings is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted."  *Id*. (citations omitted).

A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action."  *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010).  However, "[a] motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotation marks omitted).  A court may strike a defense as legally insufficient if the defense asserted is "'foreclosed by prior controlling decisions or statutes.'"  *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (quoting *Holt v. Quality Egg, LLC,* 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011)); *see also United States v. Winnebago Tribe of Neb.*, 542 F.2d

3

1002, 1007 (8th Cir. 1976) (affirming the district court's decision to strike a defense as "clearly insufficient" when the defense was contrary to provisions of federal statute). Therefore, if there are no controlling decisions or statutes on point, a defense will not be stricken as legally insufficient.  *See Bjornson v. Soo Line R. Co.*, No. CIV. 14-4596 JRT/SER, 2015 WL 5009349, at *3 (D. Minn. Aug. 24, 2015).

A motion to strike affirmative defenses "'closely resembles a motion to dismiss in that all well plead allegations in the affirmative defense must be accepted as true and the Court must find that the defense at issue is legally insufficient.'"  *Prod. Fabricators*, 873 F. Supp. 2d at 1097 (quoting *United States v. NHC Health Care Corp.*, No. 00-3128-CV-S-4, 2000 WL 33146581, at *1 (W.D. Mo. Dec. 29, 2000)).  In their opposition to this Motion, Defendants argue that the "plausibility" pleading requirement set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), does not apply to the pleading of affirmative defenses under Fed. R. Civ. P. 8(b) and (c).  (Dkt. No. 23 at 3.)  The Court is aware of the "split amongst district courts, both within and outside the Eighth Circuit, regarding whether the plausibility standard established in Twombly and Iqbal applies to affirmative defenses."  *Summers Mfg. Co., Inc. v. Tri-Cty. AG, LLC*, 300 F. Supp. 3d 1025, 1043 (S.D. Iowa 2017) (collecting cases).  District courts in this District have also split on this issue.  *Compare Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (concluding *Twombly* and *Iqbal* do not apply to the pleading of defenses under Rules 8(b) and (c)), *with Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 925 (D. Minn. 2010) (applying *Twombly* and *Iqbal* to the pleading of affirmative defenses in the FLSA context).  The

4

recent trend for courts is to apply the less-stringent notice pleading standard to affirmative defenses.  *See, e.g. Summers Mfg.*, 300 F. Supp. 3d at 1043.  Because the parties agree that the *Twombly/Iqbal* standard does not apply to this Motion, the Court need not decide this issue at this time.[1]

**B.    Affirmative Defense Nos. 3 and 17: FLSA Defenses and Exemptions**

Affirmative Defense No. 3 alleges "Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ('FLSA')," and Affirmative Defense No. 17 alleges "Defendants state that individuals listed in Exhibit "A" were in whole or in part exempt from coverage of the Fair Labor Standards Act cited in the Complaint."  (Dkt. No. 7 at 3, 5.)  The Government's concern as to these affirmative defenses is that they fail to provide adequate notice as to which FLSA defenses and exemptions are being claimed by Defendants.  (Dkt. No. 17 at 3-4.)  During the hearing, the parties came to an agreement that alleviates the Government's concerns regarding the lack of specificity.  In particular, the parties agreed Defendants would be bound by the FLSA defenses and exemptions identified in their responses to discovery.  Therefore, Plaintiff's motion to strike as it relates to Affirmative Defense Nos. 3 and 17 should be denied based on this agreement.

---

[1]    The Court notes, however, that the rationale set forth in *Summers Manufacturing*, 300 F. Supp. 3d at 1043-45, and *Wells Fargo & Co.*, 750 F. Supp. 2d at 1050-52, reasoning why the *Twombly/Iqbal* standard does not apply to affirmative defenses asserted under Rules 8(b) and 8(c), is persuasive.

**C.**     **Affirmative Defense No. 5: Knowing or Reckless FLSA Violation**

Affirmative Defense No. 5 alleges "Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA." (Dkt. No. 7 at 3.) The Government argues that this affirmative defense is immaterial because the Government has not pleaded willfulness to obtain the benefit of the 3-year statute of limitations set forth in 29 U.S.C. § 255(a), instead relying on the generally applicable 2-year statute of limitations period. (Dkt. No. 17 at 6.) Indeed, the statute of limitations for claims under the FLSA, like those here, is two years unless the plaintiff can show the defendant acted willfully or with reckless disregard, in which case the statute of limitations is three years. *See Rebischke v. Tile Shop, LLC*, 229 F. Supp. 3d 840, 843 n.1 (D. Minn. 2017) (citing 29 U.S.C. § 255(a)), *appeal dismissed*, No. 17-1502, 2017 WL 3923747 (8th Cir. May 23, 2017); *Ahle*, 738 F. Supp. 2d at 921 (D. Minn. 2010).

Defendants state that if the Government is affirmatively representing to the Court that it has not asserted and has no intention of asserting willfulness in this matter and does not intend to trigger a three-year look back or statute of limitations period, then Defendants would agree to withdraw Defense No. 5 without prejudice. (Dkt. No. 23 at 5.) At the hearing on the present Motion, the Government represented that it is not presently seeking to assert willfulness so as to trigger the three-year statute of limitations under the FLSA. Therefore, Plaintiff's Motion should be granted as to Affirmative

Defense No. 5 based on the agreement of the parties and the representations by the Government, and the affirmative defense should be stricken without prejudice.[2]

### D. Affirmative Defense No. 7: Offsets

Affirmative Defense No. 7 alleges "Defendants are entitled to offset monies or other consideration paid or provided to employees by Defendants for periods in which they were not engaged to work." (Dkt. No. 7 at 4.) The Government argues that Defendants allege they are entitled to offset for periods in which Defendants' employees were not engaged in work, which is not permitted under the Act. (Dkt. No. 17 at 7.) Defendants assert they are entitled to offset monies or other consideration paid or provided to employees by Defendants for periods in which they were not engaged to work and "if individuals had significant breaks or time gaps in between the periods of time during which they performed actual work for Defendants, then whose periods of time when work was not performed should not be counted, and therefore offset."[3] (Dkt. No. 23 at 5-6.)

As a general rule, a credit to overtime is not available under the FLSA when the amount was excluded from the regular rate. *See* 29 U.S.C. § 207(h)(1). Under the FLSA,

---

[2]    Nothing in this Report and Recommendation should be interpreted as precluding the Government from later moving to amend the Complaint to assert a willful or reckless violation of the FLSA against Defendants or precluding Defendants from asserting Affirmative Defense No. 5 as part of its answer to any such amended pleading.

[3]    Defendants also address in their opposition offsets related to bonuses and other compensation. (Dkt. No. 23 at 5-6.) However, any such offsets, even if available under the FLSA, are not covered by Affirmative Defense No. 7, which seeks offsets for "periods in which [employees] were not engaged to work." (Dkt. No. 7 at 4.)

the regular rate does not include "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause. . . ." *Id.* § 207(e)(2); 29 C.F.R. § 778.216 ("since [non-work] payments are not made as compensation for the employee's hours worked in any workweek, no part of such payments can be credited toward overtime compensation due under the Act."); 29 C.F.R. § 778.320 (dealing with compensation for hours spent in certain types of activities which would not be regarded as working time under the FLSA if no compensation were provided, such as breaks, and providing that "payments for such hours cannot, of course, qualify as overtime premiums creditable toward overtime compensation under section 7(h) of the Act.").  The only exceptions are enumerated in 29 U.S.C. § 207(h)(2), which provides that certain payments made by an employer shall be "creditable toward overtime compensation," namely:

- extra compensation provided by a premium rate for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee or in excess of the employee's normal working hours or regular working hours;

- extra compensation provided by a premium rate paid for work by the employee on weekends, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days; and

- extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee), where such premium rate is not less than one and one-half times the rate established in good faith by the

> contract or agreement for like work performed during such workday or
> workweek.

*See* 29 U.S.C. §§ 207(e)(5)-(7), 207(h)(2); 29 C.F.R. § 778.201(c) ("No other types of remuneration for employment may be credited.").  "[T]he statute only provides for an offset of an employer's overtime liability using other compensation excluded from the regular rate pursuant to sections 207(e)(5)-(7) and paid to an employee at a premium rate."  *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 332 (3d Cir. 2016), *cert. denied sub nom. E.I. Du Pont De Nemours & Co. v. Smiley*, 138 S. Ct. 2563 (2018).

Here, Defendants are conflating what should and should not be counted towards the regular rate and hours worked for the purposes of FLSA overtime obligations with what pay can be credited against any overtime compensation that may be due to Defendants' employees.  While such alleged payments and time periods may count against Plaintiff for the purposes of calculating overtime obligations (an issue that the Court does not reach as part of this Report and Recommendation), it does not provide Defendants with a credit offset based on the controlling statutory and regulatory language pertaining to the FLSA.  Therefore, Plaintiff's Motion should be granted as to Affirmative Defense No. 7.  However, the Court finds Defendants should not be foreclosed from asserting a viable offset affirmative defense and recommends striking Affirmative Defense No. 7 without prejudice.

**E.    Affirmative Defense No. 11: Failure to Mitigate**

Affirmative Defense No. 11 alleges "Plaintiff has failed to mitigate the alleged damages."  (Dkt. No. 7 at 4.)  It is the Government's position that neither it nor the

employees at issue have a duty to mitigate under the FLSA.  (Dkt. No. 17 at 7.)

Defendants countered that the "almost universal weight of authority, is that the burden of

pleading and proving mitigation of damages in an employee's action for breach of an

employment contract is upon defendant employer."  (Dkt. No. 23 at 6.)  The only cases

cited by Defendants in support of this assertion did not address a FLSA claim.  (*Id.*)

Instead, they dealt with general breaches of an employment contracts.  *See Sayre v.

Musicland Grp., a Subsidiary of Am. Can Co.*, 850 F.2d 350, 353 (8th Cir. 1988); *Stinson

v. Edgemoor Iron Works*, 53 F. Supp. 864, 868 (D. Del. 1944)).

While Defendants maintain that a failure to mitigate is still a proper affirmative

defense in the FLSA context, they fail to cite any direct law in support of this argument,

and the Court has not found any law suggesting that the Government or the employees

listed on Exhibit A to the Complaint had a duty to mitigate damages.  To the contrary,

courts have repeatedly held as a matter of law that "there is no requirement to mitigate

overtime wages under the FLSA."  *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009

WL 3583881, at *3 (M.D. Fla. Oct.27, 2009); *see also Reynolds v. Wyndham Vacation

Resorts, Inc.*, No. 4:14-CV-2261-PMD, 2016 WL 362620, at *7 (D.S.C. Jan. 29, 2016),

*appeal dismissed* (July 29, 2016), *motion to certify appeal denied*, No. 4:14-CV-2261-

PMD, 2016 WL 2347428 (D.S.C. May 4, 2016) ("The Court is persuaded by these cases

and declines to impose a duty to mitigate damages on employees making FLSA

claims."); *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 725 (E.D. Mo. 2015)

("The Court agrees with Plaintiffs that failure to mitigate does not apply in this case, and

will grant Plaintiffs' motion for summary judgment on this defense."); *Tran v. Thai*, No.

CIV.A. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) ("Because there is no duty to mitigate overtime wages under the FLSA, this court grants the plaintiff's motion for summary judgment as to this affirmative defense."); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar.13, 2009) (granting motion to strike mitigation-of-damages affirmative defense and holding duty-to-mitigate-damages defense based on plaintiff's failure to timely disclose alleged violations to her employer so terms of her employment could be corrected failed as a matter of law under the FLSA); *Lopez v. Autoserve LLC*, No. 05 C 3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA).

While it does not appear that a mitigation defense in the FLSA context will ultimately prevail, given the persuasive authority to the contrary and the fact it would be contradictory to the purposes of the FLSA to require an employee after working overtime hours to secure alternative employment to mitigate her damages, that is a question this Court cannot decide today. Striking a defense under Rule 12(f) before Defendants have had a chance to fully present that defense "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co*., 478 F.3d 908, 917 (8th Cir. 2007). At this point, Defendants' mitigation defense is not clearly "foreclosed by prior **controlling** decisions or statutes" on point. *Prod. Fabricators, Inc.*, 873 F. Supp. 2d at 1097 (emphasis added); *see also Udoh v. Minn. Dep't of Human Servs.*, No. 16-CV-3119 (PJS/SER), 2017 WL

11

2683975, at *2 (D. Minn. June 21, 2017) (citation omitted).[4]  Rather, it "fairly presents a question of law or fact which the court ought to hear."  *Lunsford*, 570 F.2d at 229 (citation omitted).  Therefore, the motion to strike as it relates to Affirmative Defense No. 11 should be denied.

## F.    Affirmative Defense No. 12: Waiver, Estoppel, Unclean Hands and/or Laches

Affirmative Defense No. 12 alleges "Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands and/or laches."  (Dkt. No. 7 at 4.)  The Government has challenged the validity each of these defenses in the FLSA context.  (Dkt. No. 17 at 7-11.)

### 1.    <u>Unclean Hands and Laches</u>

In response to this Motion, Defendants agreed "to dismiss the unclean hands and latches [sic] defenses without prejudice."  (Dkt. No. 23 at 7.)  The Government had no objections dismissing these defenses but requested at the hearing that the laches affirmative defense be dismissed with prejudice.  This Court agrees the laches defense should be dismissed with prejudice because a laches defense cannot be asserted against the Government and FLSA claims are subject to a statute of limitations making a laches defense inapplicable.  *See Lee v. Spellings*, 447 F.3d 1087, 1090 (8th Cir. 2006) (citing *United States v. Brown*, 835 F.2d 176, 180 (8th Cir. 1987) (citation omitted)) ("a laches

---

[4]    *See also Bjornson*, 2015 WL 5009349, at *4 ("CP maintains that these out-of-Circuit decisions are not adequate to sustain a motion to strike, because the Eighth Circuit would be free to disagree with the other Circuits.  CP is correct on this point.  Decisions from other Circuits are persuasive authority but do not bind this Court.  Thus, the Court finds that there are no prior controlling decisions that would support striking Affirmative Defense 14 as legally insufficient.").

defense may not be asserted against the government."); *see also SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 960 (2017) ("applying laches within a limitations period specified by Congress would give judges a 'legislation-overriding' role that is beyond the Judiciary's power."); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1973-74 (2014) ("[I]n the face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief."); 29 U.S.C. § 255(a) (statute of limitation for FLSA claims). As such, the Motion should be granted as to Affirmative Defense No. 12 with respect to the unclean hands and laches defenses. The unclean hands affirmative defense should be stricken without prejudice and the laches affirmative defense should be stricken with prejudice.

### 2.    Waiver

The Government argues Defendants cannot establish an affirmative act taken by it to expressly or implicitly waive any rights under the FLSA and that the employees listed in Exhibit A to the Complaint cannot waive entitlement to FLSA benefits, except that FLSA claims may be settled only after approval by the Secretary of Labor or a court. (Dkt. No. 17 at 8.) In its supporting brief, the Government represents that it "**is unaware** of any private actions or settlements by the employees in Exhibit A to the Complaint prior to the Government filing his lawsuit." (*Id.* (emphasis added).) Defendants counter that the Government has not alleged any independent cause of action that is not linked to the individuals on Exhibit A and to the extent these individuals have settled or knowingly waived their rights to assert any claims at issue in this case, the affirmative defense of waiver may be appropriate. (Dkt. No. 23 at 7.)

The Court concludes that the affirmative defense of waiver is appropriate based on a limited question of fact that must be resolved through discovery.  "It is well established that FLSA rights are statutory and cannot be waived."  *See Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 641 (1981)); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997)).  "There are only two statutory exceptions to this general rule.  First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full.  Second, if an employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment, it will have res judicata effect on any subsequent claim for damages." *Copeland*, 521 F.3d at 1014 (citations omitted); *see also* 29 U.S.C. § 216(c); *Beauford v. ActionLink, LLC*, 781 F.3d 396, 405-06 (8th Cir. 2015).

As part of the relief in this action, the Government seeks an order finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed on Exhibit A to the Complaint.  (Dkt. No. 1 at 4.)  While any mere settlement between Defendants and the individuals on Exhibit A would not suffice as waiver, such claims could be waived in this case to the extent that any of these individuals accepted payment under either of the limited two exceptions set forth above. The Government has notice of these possible limited exceptions as is evidenced by their brief.  While the Government claims in its opposition memorandum that it is "unaware" of any private actions or settlements by the employees in Exhibit A, Defendants have the

14

right to test this assertion of fact through discovery.  In other words, the Court finds that defense of waiver "fairly presents a question . . . fact which the court ought to hear" after development of the record.  *See Lunsford*, 570 F.2d at 229 (quotation marks omitted). Therefore, the Court concludes that Plaintiff's Motion should be denied as to Affirmative Defense No. 12 with respect to the defense of waiver.

### 3.    Estoppel

The Government argues that estoppel is a futile affirmative defense because Defendants have failed to allege factual allegations of misconduct by the Government that they relied upon.  (Dkt. No. 17 at 8-9.)  Defendants' only response to this argument was as follows: "[t]o the extent these individuals have settled or knowingly waived their rights to assert any claims at bar, or are otherwise estoped from proceeding against Defendants, the defense of waiver and estoppel is properly alleged."  (Dkt. No. 23 at 7.)

The Government may not be estopped on the same terms as other litigants.  *United States v. Schoenborn*, 860 F.2d 1448, 1452 (8th Cir. 1988) (citing *Heckler v. Community Health Servs.*, 467 U.S. 51, 60 (1984)).  Indeed, the Supreme Court has "repeatedly indicated that estoppel will rarely work against the government."  *Conforti v. United States*, 74 F.3d 838, 841 (8th Cir. 1996) (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 423 (1990)).  "The Supreme Court has imposed a more stringent standard for estopping the government because there is a strong public interest in upholding the rule of law, even where hardship may result to individuals in particular cases."  *Chien-Shih Wang v. Attorney General of United States*, 823 F.2d 1273, 1276 (8th Cir. 1987).  The Eighth Circuit has recognized that "'even if equitable estoppel is

applicable against the government only a showing of "affirmative misconduct" will suffice.'" *Schoenborn*, 860 F.2d at 1452 (quoting *McDermott v. United States*, 760 F.2d 879, 882 (8th Cir. 1985)); *see also Conforti*, 74 F.3d at 841 (internal quotations and citations omitted) ("[I]n the absence of affirmative misconduct by the government, not even the temptations of a hard case . . . justify applying an estoppel against the [government].").

Defendants have not alleged any misconduct by the Government. *See generally*, *I.N.S. v. Miranda*, 459 U.S. 14, 18 (1982) (stating that negligent conduct is an insufficient basis for an estoppel claim against the government). In fact, it is not Defendants' position that the Government is estopped because of its conduct. Rather, Defendants assert that the Government is estopped because the Government has not alleged any independent cause of action not linked to the various individuals on Exhibit A, and those individuals are estopped from seeking relief under the FLSA.[5] (Dkt. No. 23 at 7.) The Eighth Circuit has not spoken as to whether estoppel is applicable to FLSA claims, and the Government did not address this argument in its brief or at the hearing. The general rule is that estoppel is not an affirmative defense for a FLSA claim. *See*, *e.g.*, *Caserta v. Home Lines Agency, Inc*., 273 F.2d 943, 946 (2d Cir. 1959); *Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422, 427 (6th Cir. 1964); *Holzapfel v. Town of Newburgh*, 145

---

[5]    This Court notes that the Government seeks an order finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due the employees listed on Exhibit A to the Complaint. (Dkt. No. 1 at 4; Dkt. No. 1-1.) Once the Government has brought an action on behalf of an employee, the employee cannot even bring an action on her own behalf under the FLSA. *See* 29 U.S.C. § 216(b).

F.3d 516, 524 (2d Cir. 1998) (citations omitted) ("[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours."); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005) ("[T]he doctrine of estoppel is not recognized under the FLSA.  Federal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA claim, even where an employee is required, but fails[, to] record overtime hours worked." (internal citation omitted)). However, at least some courts, including courts within this District, have concluded that "'[e]stoppel provides an available affirmative defense when the employee affirmatively misleads the employer regarding the number of hours worked and the employer has no knowledge of the employee's actual hours.'"  *Cruz v. TMI Hosp., Inc.*, No. 14-CV-1128 (SRN/FLN), 2015 WL 6671334, at *17 (D. Minn. Oct. 30, 2015) (quoting *Robertson v. LTS Mgmt. Servs., LLC*, 642 F. Supp. 2d 922, 933 (W.D. Mo. 2008) (citation and internal quotation marks omitted)); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972) (citations omitted) (finding an employee "was estopped and could not profit from her own wrong in furnishing false data to the employer"); *Chavez v. Montes*, No. 5:14-CV-05337, 2015 WL 3604226, at *2 (W.D. Ark. June 5, 2015); *McGlothan v. Walmart Stores, Inc.,* 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) (citing *Brumbelow,* 462 F.2d at 1327) (finding that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer").  Because the question of estoppel presents a question of law or fact which

the court ought to hear, the Government's Motion to strike the affirmative defense of estoppel should be denied. *See Lunsford*, 570 F.2d at 229.

**G.    Affirmative Defense No. 13:  Accord and Satisfaction, Settlement and/or Payment and Release**

Affirmative Defense No. 13 alleges "some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release." (Dkt. No. 7 at 4.)  The Government argues this affirmative defense fails for the same reasons as Defendants' waiver defense. (Dkt. No. 17 at 11.)  Defendants counter that these defenses are directed at the individuals on Exhibit A of the Complaint and reassert the same arguments and reasoning as stated with regard to their waiver defense. (Dkt. No. 23 at 7.)  For the same reasons set forth by the Court in this analysis of Defendants' waiver defense (Section F.2), Defendants should be able to test the Government's assertion that there was no payment to the individuals identified in Exhibit A to the Complaint of unpaid wages under the supervision of the Government of Labor or as part of a stipulated judgment. Therefore, the Court concludes that Plaintiff's Motion should be denied with respect to Affirmative Defense No. 13.

**H.    Affirmative Defense No. 14:  Exhaustion of Remedies**

Affirmative Defense No. 14 alleges "Plaintiff has failed to exhaust administrative remedies." (Dkt. No. 7 at 4.)  The Government argues that FLSA contains no exhaustion requirement and therefore Defendants' affirmative defense is not viable as a matter of law. (Dkt. No. 17 at 11.)  Defendants only cite to non-FLSA cases generally dealing with the affirmative defense of exhaustion. (Dkt. No. 23 at 7-8.)  The Court agrees with the

Government that exhaustion is not a viable defense in this case. FLSA's "enforcement scheme grants individual employees broad access to the courts ... **and no exhaustion requirement or other procedural barriers are set up**, and no other forum for enforcement of statutory rights is referred to or created by the statute." *Barrentine*, 450 U.S. at 740 (emphasis added); *see also Sanvee v. Hennepin Cty. Human Servs.*, No. CIV. 10-527 RHK/JSM, 2012 WL 4128388, at *16 (D. Minn. Aug. 13, 2012), *R.&R. adopted*, No. CIV. 10-527 RHK/JSM, 2012 WL 4120507 (D. Minn. Sept. 19, 2012), *aff'd*, 598 F. App'x 475 (8th Cir. 2015). Because the affirmative defense of exhaustion is insufficient as a matter of law in the FLSA context, the Motion should be granted as to Affirmative Defense No. 14 and the affirmative defense stricken with prejudice.

I.     **Affirmative Defense No. 18: Subject Matter Jurisdiction**

Affirmative Defense No. 18 alleges "that this court lacks subject matter jurisdiction over Plaintiff's claims." (Dkt. No. 7 at 5.) The Government has challenged the validity of this defense in the FLSA context. (Dkt. No. 17 at 12.) In response to the Motion, Defendants agreed "to dismiss the subject matter defenses with prejudice." (Dkt. No. 23 at 8.) The concept of subject-matter jurisdiction involves a court's power to hear a case and therefore it can never be forfeited or waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). In other words, striking this affirmative defense does not preclude Defendants from bringing a good faith motion to dismiss for a lack of subject matter jurisdiction in accordance with the law. Because Defendants have agreed to withdraw Affirmative Defense No. 18, the Motion should be granted as it relates to that defense, but it should be stricken without prejudice.

19

**J.    Affirmative Defense No. 19:  Catch-All Affirmative Defense**

Affirmative Defense No. 19 alleges:

> Further answering and as an affirmative defense to all counts against them, Defendants state that the claims against them by **Plaintiff may be barred by any and all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure**, and Defendants reserve the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer and affirmative defenses to assert those defenses.

(Dkt. No. 7 at 5.)  At the hearing, the Government clarified that it was not seeking to strike Defendants' reservation of rights to amend their Answer to assert additional affirmative defenses.  Instead, it seeks to limit the affirmative defense to the extent is seeks for incorporate all of the affirmative defenses listed in Rule 8 of the Federal Rules of Civil Procedure.  While not entirely clear, Affirmative Defense No. 19 appears to incorporate all of the affirmative defenses listed under Rule 8(c), but only asserts that these defenses "may" bar the Government's claims.  Rule 8(c) requires Defendants to provide Plaintiff notice of the particular affirmative defense upon which they rely: "In responding to a pleading, a party **must affirmatively state** any avoidance or affirmative defense. . . ."  Fed. R. Civ. P. 8(c) (emphasis added).  As written, Affirmative Defense No. 19 does not affirmatively provide the Government with the specific affirmative defenses relied upon in a manner that would allow the Government to rebut the defense.  The affirmative defense as written is more akin to a reservation of rights allowing Defendants to later assert new defenses based on the facts developed at discovery.  Therefore, the Government's Motion should be granted as to Affirmative Defense No. 19, and the defense stricken without prejudice.  Nothing in this recommendation should

20

be interpreted as precluding Defendants from later moving to amend their Answer to add affirmative defenses, so long as they have good faith basis for such a motion and the amendment is timely.

### III.    RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Strike Defendants' Affirmative Defenses 3, 5, 7, 11, 12, 13, 14, 17, 18, and 19 (Dkt. No. 15) be **GRANTED** in part and **DENIED** in part as follows:

1.    Plaintiff's Motion to Strike Defendants' Affirmative Defenses should be **GRANTED** as to Defendants' Affirmative Defense Nos. 5, 7, 12 (as to unclean hands), 18 and 19, and these affirmative defenses should be stricken **WITHOUT PREJUDICE**;

2.    Plaintiff's Motion to Strike Defendants' Affirmative Defenses should be **GRANTED** as to Defendants' Affirmative Defense Nos. 12 (laches) and 14, and these affirmative defenses should be stricken **WITH PREJUDICE**; and

3.    Plaintiff's Motion to Strike Defendants' Affirmative Defenses should be **DENIED** as to Defendants' Affirmative Defense Nos. 3, 11, 12 (as to waiver and estoppel), 13 and 17.

DATED: December 7, 2018                         *s/ Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).