UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Martin J. Walsh,[1] *Secretary of Labor, United States Department of Labor*, | Case No. 18-cv-1489 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Luxury Floors, Inc.; and Ruben Ruiz, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff's motion for entry of judgment. (Dkt. 57.) Defendants have not responded to Plaintiff's motion. For the reasons address below, the motion is granted.

## BACKGROUND

Plaintiff Secretary of Labor, United States Department of Labor (DOL), commenced this action against Defendants Luxury Floors, Inc., and Ruben Ruiz in May 2018, alleging that Defendants violated Sections 7, 11, and 15 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201, *et seq*., by failing to pay overtime wages owed to 25 construction workers. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(c). The complaint also alleged that Defendants failed to make and preserve adequate records of employees, wages, hours and other conditions and practices of employment.

---

[1]     By operation of law, Secretary of Labor Martin J. Walsh is substituted for former Secretary of Labor R. Alexander Acosta. Fed. R. Civ. P. 25(d).

After the close of discovery, the parties participated in a settlement conference with United States Magistrate Judge Elizabeth Cowan Wright. At the settlement conference, the parties reached a settlement agreement and recorded the material terms of the settlement agreement, as ordered by the magistrate judge. On May 15, 2020, the parties jointly moved for the Court's approval and entry of their proposed consent judgment. The Court ordered the parties to supplement the record to provide the Court with sufficient information to evaluate the settlement for procedural fairness, substantive fairness, reasonableness and consistency with governing law. Plaintiff did so on August 25, 2020, by filing a memorandum of law and a signed stipulation dated April 10, 2010 (Stipulation). As part of the Stipulation, the parties agreed that Plaintiff would "recover from Defendants the sum of $65,754.75, which represents the unpaid overtime compensation due for the period from October 1, 2014 to September 30, 2016." The Stipulation also provides:

> By entering into this stipulation, Defendants, against whom a cause of action under the Fair Labor Standards Act exists and who have reviewed this agreement and been duly advised by the undersigned Attorney for Defendants, hereby confess judgment in the amount of $65,754.75. If Defendants fail to make payments by the dates specified in paragraph II, above, Defendants consent to the entry of judgment against them, jointly and severally, in the amount of $65,754.75.

The Stipulation was signed by counsel for all parties and by Defendant Ruiz, on behalf of himself and Defendant Luxury Floors, Inc.

In a December 30, 2020 Order, this Court evaluated the parties' submissions and concluded that the proposed consent judgment was procedurally fair, substantively fair,

2

reasonable, and consistent with governing law. In doing so, the Court specifically found that the stipulated $65,754.75 payment from Defendants "reflects the full amount of unpaid wages sought by the Secretary of Labor" and "is substantively fair." Accordingly, the Court granted the parties' joint motion for approval and entry of the consent judgment. The Court also expressly retained jurisdiction over this matter to enforce the terms of the consent judgment.

Plaintiff now moves for entry of judgment pursuant to Defendants' confession of judgment. In a sworn declaration filed with the motion, Plaintiff's counsel attests that "Defendants have not made any payments to Plaintiff, meaning Plaintiff has not received any of the $65,754 that Defendants agreed to pay in the Stipulation." Plaintiff's counsel also attests that she provided notice of Defendants' payment deficiencies by emailing Defendants' counsel on April 29, 2021, and Defendants' counsel replied to that email and acknowledged its receipt. On August 10, 2021, Defendants' counsel notified Plaintiff's counsel that he no longer represented Defendants and was unable to reach them. The next day, Plaintiff's counsel sent a letter to Ruiz's last known address notifying Defendants that Plaintiff intended to move for entry of judgment against Defendants jointly and severally. Defendants did not respond to that letter and have not responded to the pending motion for entry of judgment.

## ANALYSIS

A federal district court "has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the

3

confession of judgment was voluntarily, knowingly and intelligently made." *Xerox Corp. v. W. Coast Litho, Inc.*, 251 F. Supp. 3d 534, 538 (W.D.N.Y. 2017) (quoting *LOL Fin. Co. v. Carrigan*, No. 0:16-CV-000651 (SRN/TNL), 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016)) (collecting cases); *accord D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 185 (1972) (holding that a confession-of-judgment provision may be constitutionally valid if the confession was "voluntary, knowing, and intelligently made"); *Orlando Residence, Ltd. v. Nelson*, 565 F. App'x 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession judgments, as has been recognized by courts time and again."). A district court also has inherent authority to enforce a settlement agreement in a case pending before the court. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999). "The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Bergstrom v. Sears, Roebuck & Co.*, 532 F. Supp. 923, 934 (D. Minn. 1982) (internal quotation marks omitted). A district court has "considerable discretion" when determining the appropriate procedure for enforcing a settlement agreement, and a hearing is required "only if there are substantial questions of fact that are not already a matter of record." *Barry*, 172 F.3d at 1013.

Here, the undisputed record establishes that Defendants agreed, in a written Stipulation, to pay Plaintiff $65,754.75 in monthly installments on specified dates. Defendants also agreed that, if they failed to make the required payments on the specified dates, they consent to the entry of judgment against them, jointly and severally, in the

4

amount of $65,754.75. The Stipulation was signed by Defendants and their counsel, submitted to the Court without any objection from Defendants and relied on by the Court when entering judgment in this case. Defendants failed to make the required payments, did not respond to Plaintiff's multiple attempts to provide notice of the payment deficiencies, and did not respond to Plaintiff's pending motion for entry of judgment. On this record, the Court concludes that Defendants' confession of judgment was voluntarily, knowingly and intelligently made and that enforcing this aspect of the parties' settlement through an entry of judgment on the confession is warranted.

Accordingly, the Court grants Plaintiff's motion for entry of judgment.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The motion for entry of judgment of Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, (Dkt. 57), is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, and against Defendants Luxury Floors, Inc., and Ruben Ruiz, jointly and severally, in the amount of $65,754.75.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 24, 2022                     s/Wilhelmina M. Wright
                                           Wilhelmina M. Wright
                                           United States District Judge